| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>1437 Bannock Street, Rm. 256<br>Denver, CO 80202<br>(720) 865-8301<br>_____<br><br>**Plaintiff:**     **ERIN PETERSON**<br><br>**v.**<br><br>**Defendant:**     **USAA LIFE INSURANCE COMPANY**<br><br>_____<br>*Attorneys for Plaintiff:*<br>Jason W. Jordan, Atty. No. 37263<br>Lars F. Bergstrom, Atty. No. 30288<br>**JORDAN LAW**<br>5445 DTC Parkway, Suite 910<br>Greenwood Village, CO 80111<br>Phone: (303) 766-8153<br>Fax: (303) 766-5568<br>jason@jordanlaw.com<br>lars@jordanlaw.com | DATE FILED: May 18, 2017 11:24 AM<br>FILING ID: 3800E357F0AC8<br>CASE NUMBER: 2017CV31830<br><br><br>▲ **COURT USE ONLY** ▲<br>_____<br><br><br>**Case Number:**<br><br>**Division:** |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Erin Peterson, by and through her attorneys, **JORDAN LAW**, for her Complaint and Jury Demand against Defendant USAA Life Insurance Company, ("USAA"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of El Paso County, Colorado.

2. At all times material hereto, USAA was and is a company duly licensed and authorized to conduct business in the State of Colorado.

3. The occurrences that give rise to Plaintiff's claims against USAA occurred in Colorado.

4. Pursuant to C.R.S.A. § 13-1-124(1)(a) and (b), this Court has personal jurisdiction

over USAA as the Defendant contracts, conducts business and has committed tortious acts within the State of Colorado.

5. Pursuant to the Art. 6 § 9 of the Constitution of the State of Colorado this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $15,000.00.

6. USAA's registered agent is located within Denver County.

7. Pursuant to C.R.C.P. 98(c), venue is proper in this county, which Plaintiff designates as the place of trial of this action.

## GENERAL ALLEGATIONS

8. This case arises out of USAA's denial of Lt. Col (ret.) Peterson's claim for benefits under a USAA insurance policy sold to her and her husband Theodore Bobkowski (deceased). Plaintiff was the beneficiary of Mr. Bobkowski's life insurance policy, policy number P804195144, (the "Policy").

9. USAA sells life insurance policies in Colorado.

10. Membership in USAA is restricted to military servicemembers, veterans and their families.

11. Plaintiff qualifies for membership in USAA because she is a retired US Air Force Lieutenant Colonel. Her deceased husband is an honorably discharged Air Force officer.

12. Mr. Bobkowski applied for a life insurance policy from USAA in 2015.

13. Mr. Bobkowski completed the application online.

14. USAA issued the Policy with an effective date of September 21, 2015. Under the above-referenced policy of insurance, Defendant USAA contracted to provide Plaintiff with life insurance coverage in the amount of $1,000,000.00.

15. Prior to the issuance of the policy and on or about August 31, 2015, Mr. Bobkowski presented for an examination with a health care professional retained by USAA.

16. During the examination, USAA's health care professional had the opportunity to ask Mr. Bobkowski questions about his health.

17. Mr. Bobkowski died unexpectedly on October 22, 2016 of an aortic aneurism.

2

18. Prior to the passing of Mr. Bobkowski, Plaintiff paid insurance premiums to USAA for the above-mentioned coverage and policy of insurance. USAA accepted the premium payment with the promise that it would provide the coverages stated in the policy of insurance and in accordance with the requirements of Colorado law.

19. Plaintiff and her deceased husband justifiably relied on Policy of which she was a beneficiary.

20. Defendant USAA denied coverage and refused to pay the benefits owed under the Policy claiming, among other things, that Plaintiff allegedly mispresented his medical condition to USAA in failing to answer a question seeking information regarding respiratory issues, such as asthma, emphysema, or history of pneumonia with an answer of "NO" when Plaintiff had allegedly been diagnosed with sleep apnea.

21. No part of the online application completed by Mr. Bobkowski specifically asked about sleep apnea.

22. Plaintiff alleges no misrepresentation in the application process exists.

23. Sleep apnea could not have caused the aortic aneurism that killed Mr. Bobkowski.

24. Plaintiff alleges the denial of the benefit owed is unreasonable.

25. Mr. Bobkowski allowed a policy of life insurance benefitting Plaintiff in the amount of $400,000.00 to lapse because of and/or in anticipation of the issuance of the USAA life insurance policy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

27. The Policy constitutes a contract of insurance.

28. Plaintiff has duly performed or satisfied each and every covenant and/or condition of the Policy, or has been excused from so performing as a result of Defendant's material breaches of the Policy.

29. By its actions, as described above, USAA has breached the Policy.

30. USAA's breach has caused Plaintiff to suffer damages in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

31. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

32. USAA, as Plaintiff's insurer, owed her a duty of good faith and fair dealing.

33. USAA breached its duty of good faith and fair dealing by numerous unreasonable acts and omissions, which include, without limitation, the following:

   i. Forcing Plaintiff to retain legal counsel to protect her rights, including recovery of amounts due under the Policy;

   ii. Refusing to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information;

   iii. Misrepresenting pertinent facts and insurance policy provisions relating to coverage;

   iv. Engaging in conduct prohibited by CRS §§ 10-1-101 and 10-3-1104(1)(h);

   v. Failing to promptly pay Plaintiff's insurance claim;

   vi. Depriving Plaintiff of the benefits and protections of the contracts of insurance;

   vii. Placing its interests above those of its insured;

   viii. Acting unreasonably in handling Plaintiff's insurance claim, including but not limited to:

   1. Denying the benefits for an alleged misrepresentation that was not a misrepresentation,

   2. Denying the benefits due to an ambiguous application for benefits,

   3. Denying the benefits due to an alleged sleep apnea diagnosis which has no relation to the cause of death of Mr. Bobkowski,

   ix. Defendant knew its conduct and position was unreasonable or recklessly disregarded the fact that its conduct was unreasonable;

   x. Defendant's unreasonable conduct was a cause of Plaintiff's injuries, damages, and losses, including pain and suffering, anguish, anxiety, having to retain an attorney and litigate her husband's death to obtain benefits Defendant is contractually obligated to pay.

4

   xi.  Other conduct to be discovered in the course of these proceedings.

34. USAA knew that its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

35. USAA's bad faith breach of the Policy proximately has caused Plaintiff to suffer harm, losses, and damages, both economic and non-economic, in amounts to be proven at trial, including, by way of example but not limitation: deprivation of insurance benefits; emotional stress; anxiety; upset; anger; loss of enjoyment of life; physical harm and impairment; attorneys' fees and expenses incurred in challenging USAA's conduct; and other economic and non-economic harm, damages, and losses as may be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Colorado Consumer Protection Act)

36. Plaintiff incorporates all allegations of this Complaint as if fully set forth herein.

37. The Defendant participated in prohibited and/or deceptive trade practices, in the course of the Defendant's business, vocation, or occupation, within the meaning of C.R.S. § 6-1-101 et seq., which have harmed the Plaintiff and which have affected USAA's customers.

38. Such prohibited acts include but are not limited to:

- Representing that Defendant's insurance and services, are of a particular standard, quality, or grade, when Defendant knew or should know that they are of another;
- Defendant advertised its insurance and services with the intent not to provide such goods and services as advertised;
- Engaging in deceptive, misleading, or after the fact underwriting practices; and
- Defendant failed to disclose material information concerning its goods and services, which information was known at the time of an advertisement or sale and such failure to disclose such information was intended to induce Plaintiff's to enter into a transaction.

39. As a direct and proximate cause of the Defendant's deceptive trade practices, Plaintiff has been harmed in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, Erin Peterson, respectfully requests that judgment be entered in her favor and against Defendant, USAA Casualty Insurance Company, as follows:

 a. For compensatory economic damages in amounts to be proved at trial;

 b. For compensatory non-economic damages in amounts to be proved at trial;

 c. For all pre- and post- judgment interest as allowed by law;

        d.     For reasonable attorneys' fees, expenses, expert witness fees, and costs of suit herein;

        e.     For all other damages allowed by statute or law including damages allowed by the Colorado Consumer Protection Act; and

        f.     For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 18th day of May 2017.

Respectfully submitted,

**JORDAN LAW**

*s/ Lars F. Bergstrom*
Jason W. Jordan
Lars F. Bergstrom

*Attorneys for Plaintiff*

**Plaintiff's Address:**
4460 Hidden Rock Road
Colorado Springs, CO 80908-2038