IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01514-CMA-KMT

ERIN PETERSON,

    Plaintiff,

v.

USAA LIFE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 21) Plaintiff's Complaint (Doc. # 12) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, Defendant's Motion to Dismiss is denied.

### I.   BACKGROUND

Plaintiff, Lt. Col (ret.) Erin Peterson, is the widow of Theodore Bobkowski, who had applied for a life insurance policy from Defendant with $1,000,000.00 in coverage. (Doc. # 12 ¶¶ 11, 14.) The policy was issued with an effective date of September 21, 2015. (*Id*. at ¶ 14.) On October 22, 2016, a little over one year after obtaining the Policy, Mr. Bobkowski unexpectedly died. (*Id*. at ¶ 17.)

Plaintiff, as the named beneficiary on the Policy, submitted a claim to Defendant on the insurance policy. (Doc. # 21 at 2.) Defendant subsequently denied the claim and

refused to pay benefits, on grounds that Plaintiff and Mr. Bobkowski allegedly misrepresented a medical condition. (*Id*. at ¶ 20.) Plaintiff brought this lawsuit asserting claims against Defendant for breach of contract, bad faith breach of contract, and violation of the Colorado Consumer Protection Act ("CCPA"). (Doc. # 21 at 2.) Defendant removed the suit to Federal court. (Doc. # 1.)

## II. STANDARD OF REVIEW

Defendant's Motion to Dismiss seeks dismissal of only the CCPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court takes all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991). A claim should not be dismissed if it contains "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*.

### III. <u>ANALYSIS</u>

Defendant moves to dismiss Plaintiff's CCPA claim because it does not meet two required elements for a CCPA claim: (1) that USAA Life engaged in a deceptive or unfair trade practice, and (2) that its alleged conduct significantly impacts the public. (Doc. # 21 at 1.) First, with respect to whether Defendant engaged in a deceptive or unfair trade practice, Defendant contends that Plaintiff failed to allege with particularity Defendant's unfair or deceptive trade practice as required by the CCPA and by Rule 9(b). (*Id.* at 6.) Second, Defendant contends that Plaintiff has not pled the necessary "significant public impact" required for a CCPA claim. (*Id.* at 7.)

**A.  PARTICULARITY OF PLAINTIFF'S CLAIM OF DECEPTIVE OR UNFAIR TRADE PRACTICES**

1. <u>Applicable Law</u>

The CCPA was "enacted to regulate commercial activities and practices, which because of their nature may prove injurious, offensive, or dangerous to the public." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146 (Colo. 2003). It is "intended to deter and punish deceptive trade practices committed by business in dealing with the public." *Showpiece Homes Corp. v. Assurance Co. of America*, 38 P.3d 47, 51 (Colo. 2001). The CCPA is liberally construed to serve its broad purpose and scope. *Hall v. Walter*, 969 P.2d 224, 230 (Colo.1998).

A CCPA claim—like any allegation of fraud or mistake—must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b). The

purpose of the heightened pleadings under Rule 9(b) is to put Defendant on notice, so that it may prepare its case. *Healthone of Denver, Inc. v. UnitedHealth Grp., Inc.*, 805 F. Supp. 2d. 1115, 1121 (D. Colo. 2011). To satisfy this requirement, the court requires a complaint alleging fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *In re Edmonds,* 924 F.2d 176, 180 (10th Cir.1991). Rule 9(b) is read in conjunction with Rule 8, "which calls for pleadings to be simple, concise, and direct." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997) (quoting Fed. R. Civ. P. 8(e), (f)). Additionally, the sufficiency of the complaint must be judged in its entirety rather than in a piecemeal fashion. (*Id*. at 1253).

In order to state a claim for deceptive trade practices under Section 6-1-105 of the CCPA, a plaintiff must allege the following elements:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
> (4) that the plaintiff suffered injury in fact to a legally protected interest;
> (5) that the challenged practice caused the plaintiff's injury.

*Rhino Linings,* 62 P.3d at 146–47 (citing *Hall*, 969 P.2d at 235).

2. Analysis

Plaintiff's CCPA claim arises under Sections 6-1-105(1) (g), (i), and (u), which provide that a person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person:

> (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another; . . .
> (i) Advertises goods, services, or property with intent not to sell them as advertised; . . . [or]
> (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction.

Colo. Rev. Stat. § 6-1-105. Plaintiff claims Defendant engaged in the following prohibited and/or deceptive trade practices in violation of the CCPA:

- Represented that Defendant's insurance and services, are of a particular standard, quality, or grade, when Defendant knew or should know that they are of another;

- Advertised its insurance and services with the intent not to provide such goods and services as advertised;

- Engaged in deceptive, misleading, or after the fact underwriting practices; and

- Failed to disclose material information concerning its goods and services, which information was known at the time of an advertisement or sale and such failure to disclose such information was intended to induce Plaintiff's to enter into a transaction.

(Doc. # 12 at ¶ 38.)

Many of Plaintiff's allegations recite language of the CCPA, with slight alterations to adjust them to Defendant's insurance services. Plaintiff could have done a better job of pleading more facts in support of these elements. However, as Plaintiff points out, Defendant's health care professional had the opportunity to ask Mr. Bobkowksi

questions about his health prior to its issuance of the policy. (*Id*. at ¶¶ 15–16.) Furthermore, Plaintiff alleges Defendant accepted the premium payment with the promise that it would provide coverage in accordance with the requirements of Colorado law. (*Id*. at ¶ 18.) Plaintiff also states that in reliance on the coverage of the policy, Plaintiff and her deceased husband allowed another life insurance policy in the amount of $400,000.00 to lapse. (*Id.* at ¶ 25.)

Defendant argues that Plaintiff's CCPA claim should be dismissed because Plaintiff "fails to allege sufficient factual material to establish that USAA Life engaged in any deceptive trade practices under the CCPA." (Doc. # 21 at 5.) In support thereof, Defendant cites to *Coors v. Sec. Life of Denver Ins. Co.,* 91 P.3d 393 (Colo. App. 2003), *aff'd in part on other grounds*, 112 P.3d 59, for the proposition that the list of prohibited practices identified in Section 6-1-105(1) is exhaustive, rather than illustrative. (Doc. # 21 at 5.) In other words, conduct violates the CCPA if, and only if, that conduct is "specifically enumerated in § 6-1-105(1)," according to Defendant. (*Id.*)

What Defendant failed to disclose to the Court is that, two years prior to the Colorado Court of Appeals' holding in *Coors*, the Colorado Supreme Court, expressly held that the list of deceptive trade practices listed in Section 6-1-105(1) are **not exhaustive** and plaintiffs are not limited by the specific provisions of the statute. *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 54 (Colo. 2001) ("The CCPA does not list all the industries to which it applies, nor does it specify all the types of transactions it covers. In enacting the statute, the General Assembly could not have possibly enumerated all, or even most, of the practices that the CCPA was intended to

cover"). *See also Seaborn v. Am. Family Mut. Ins.*, No. 11-cv-01096, 2012 WL 1520156, *3–4 (D. Colo. April 30, 2012) ("this Court has previously held in another case that the list of deceptive trade practices contained in Colorado Revised Statute § 6-1-105(1) is not exhaustive"); *D.R. Horton, Inc.-Denver v. The Travelers Indem. Co. of America*, No. 10-cv-020836, 2012 WL 527204, *4 (D. Colo. Feb. 16, 2012) (quoting the holding in *Showpiece Homes* that "the list of enumerated unfair or deceptive trade practices in section 6-1-105 is not exhaustive.").

A federal court sitting in diversity and applying state law is obligated to follow the pronouncements of that state's highest court. *See, e.g., Romero v. Int'l Harvester Co.*, 979 F.2d 1444, 1449 n.3 (10th Cir. 1992). Therefore, this Court follows and applies the Colorado Supreme Court's holding in *Showpiece Homes* holding that "[t]he CCPA does not list all the industries to which it applies, nor does it specify all the types of transactions it covers. In enacting the statute, the General Assembly could not have possibly enumerated all, or even most, of the practices that the CCPA was intended to cover." 38 P.3d at 54.

Taken as a whole, the allegations of Plaintiff's complaint are sufficient to put Defendant on notice of the conduct that allegedly violated the CCPA, and such allegations are sufficient to plausibly support a claim for unfair or deceptive trade practices under the CCPA. Defendant's Motion to Dismiss Plaintiff's Complaint for lack of particularity is denied.

## B. SIGNIFICANT PUBLIC IMPACT

### 1. Applicable Law

Second, Defendant asserts that Plaintiff has not adequately pled the necessary "significant public impact" to support a CCPA claim. The Colorado Supreme Court has held that the CCPA "cannot be used to remedy a purely private wrong." *Crowe v. Tull*, 126 P.3d 196, 208 (Colo. 2006). "[T]he mere fact that an insurer and an insured have a dispute over a claim does not necessarily mean that other members of the public are or have been affected by the insurer's practice." *Hansen v. Auto-Owners Insurance Co.*, No. 09-CV-02736-CMA, 2010 WL 749820, *5 (D. Colo. Mar. 4, 2010).

The CCPA therefore requires a plaintiff to show that the defendant's unfair or deceptive practice significantly impacts the public as actual or potential consumers of the defendant's goods, services or property. *Healthone of Denver*, 805 F. Supp. 2d. at 1122. A "plaintiff's complaint must meet the low burden of setting forth facts that, if proved, could establish a public impact upon any theory of the law." (*Id*.) "Some of the considerations relevant to whether a challenged practice significantly impacts the public as consumers are the number of consumers directly affected by the challenged practice, the relative sophistication and bargaining power of the consumers affected by the challenged practice, and evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future." *Martinez v. Lewis*, 969 P.2d 213, 222 (Colo. 1998)

2.  <u>Analysis</u>

First, the facts in *Hansen* are distinguishable from the facts in this case. Plaintiff in the instant case is not alleging that Defendant's decision to deny an individual insurance claim *per se* has an impact on the public interest. (Doc. # 37 at 9.) Second, although the Complaint does not identify a precise number of consumers affected, the allegations state that Defendant sells life insurance policies in Colorado and that Defendant specifically offers membership restricted to military service members, veterans, and their families. (*Id*.) Although Defendant's insurance products are available to the public, Plaintiff alleges that Plaintiff's military service introduced her to Defendant's services and influenced her and her husband's decision to purchase insurance from Defendant. (*Id*.) Furthermore, a CCPA claim can be supported when the misrepresentation is directed to the market generally, taking the form of widespread advertisement via television, print, media, radio, and the internet. *Healthone of Denver*, 805 F. Supp. 2d. at 1122. Plaintiff alleges that Defendant maintains an online presence for which it solicits and processes applications for insurance. (Doc. # 37 at 8–9.)

Therefore, in construing the CCPA liberally and affording Plaintiff the benefit of all reasonable inferences, the Court concludes that Defendant's alleged practices could have significant potential to affect the public, especially military personnel and families that purchase membership from Defendant. Defendant's Motion to Dismiss Plaintiff's Complaint for failure to allege a "significant public impact" under the CCPA is denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. # 21) is DENIED.

DATED: March 22, 2018

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge